Argued March 17, decided March 30, 1909.

## MORGAN *v.* CITY OF PORTLAND.

[100 Pac. 657.]

MUNICIPAL CORPORATIONS — STREET IMPROVEMENT — REASSESSMENT OF BENEFITS.

A reassessment for a street improvement cannot be sustained, where neither the ordinance authorizing it nor the records of the council show that the assessment against the several parcels of land was to the extent of their respective and proportionate shares of the full value of the improvement.

From Multnomah: MELVIN C. GEORGE, Judge.

Special proceeding to review the action of the common council of the City of Portland against W. H. H. Morgan and others, to enforce an assessment for a street improvement. From a judgment in favor of the city, Morgan appeals.                          REVERSED.

For appellants there was a brief and an oral argument by *Mr. Ralph R. Duniway.*

For respondent there was a brief over the names of *Mr. Lawrence A. McNary, Mr. John P. Kavanaugh, Mr. John J. Fitzgerald,* and *Mr. Frank S. Grant,* with an oral argument by *Mr. Kavanaugh.*

MR. JUSTICE BEAN delivered the opinion of the court.

This is a special proceeding to review the action of the common council of the City of Portland in attempting to reassess the property of the plaintiffs for an alleged improvement on a part of River street. After the preliminary reassessment had been prepared by the auditor, and within the time required by law, the plaintiffs filed objections to such reassessment on the grounds, among others: (1) That the city had never made the improvement for the payment of which it sought to charge their property; and (2) that no improvement of the street had, in fact, been made which was a special or peculiar benefit to the property attempted to be assessed.

These objections were ordered by the council to be placed on file, and, without any other disposition of them,

the council adopted a reassessment ordinance confirming and approving the reassessment as made by the auditor. In section 2 of this ordinance it is stated that the parcels of land mentioned in section 1 were specially and peculiarly benefited by the improvements in the several respective amounts assessed to the same; but there is no finding in the ordinance or elsewhere in the record of the council, so far as appears, that the assessment against the several lots or parcels of land was "to the extent of their respective and proportionate shares" of the full value of the improvement. Because of these two defects in the proceedings they must be set aside and vacated, under the rule announced in the Hughes, Applegate, and Mitchell cases. For this reason it is unnecessary to pass upon the assignment of error based on the refusal of the trial court to order an additional return to the writ of review. The writ, as issued, requires the auditor to return the same into the circuit court within a certain time with a transcript of the "proceedings for the reassessment of the improvement of the easterly 26½ feet of River street," etc., annexed thereto. Plaintiffs, claiming that this return was incomplete, moved the court to require the auditor to send up the transcript of the proceedings had in reference to the improvement of the street and the attempted assessment of the cost thereof against the property.

The statute provides that the writ shall require the officer or tribunal, whose decision or determination is sought to be reviewed, to return the same to the circuit court within a time specified "with a certified copy of the record of proceedings in question annexed thereto." Section 599, B. & C. Comp. Section 602 provides that if the return is incomplete the court may order a further return to be made. It is only when the return does not comply with the writ that a further return is allowed, and it is quite probable the return made in this case was a technical compliance with the language of the

requirements of the writ. All the proceedings for the improvement of the street may, however, be important in determining the validity of the reassessment, and ordinarily should be required to be returned by the writ, for they form the basis for such reassessment. It is only when the city authorities have made an ineffectual attempt, in good faith, in the manner provided by the charter to improve the street and assess the cost thereof to abutting property, and the improvement, in fact, has been made substantially in accordance with the contract and ordinance authorizing it, that a reassessment can be had, and these facts should appear somewhere in the record of the proceedings; but this question is sufficiently discussed in the opinions of the other cases recently decided and need not be further pursued at this time.

Judgment of the court below is reversed.

REVERSED.